```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,  ) <br> a corporation,  ) <br>                                 ) <br>           Plaintiff,      ) <br>                                 ) <br>           v.                      )          1:19cv1011 <br>                                 ) <br> LBC LANDSCAPING SERVICES,  ) <br> INC., a corporation; LINWOOD  ) <br> B. CAMERON, Sr.; QUADRE A.  ) <br> WILLIAMS; ANTHONY SHACKLEFORD;  ) <br> KEITH WHITE; and HENRY WADE,  ) <br>                                 ) <br>           Defendants.     ) | |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

This is a declaratory judgment action involving insurance coverage for a single vehicle accident that occurred in Georgia. Plaintiff insurer has sued both of the named insureds as well as all passengers of the vehicle. Before the court is the motion of Defendant Keith White, one of the passengers and a resident of Georgia, to dismiss the action against him for lack of personal jurisdiction or, in the alternative, to transfer it to the Northern District of Georgia. (Doc. 11.) The motion has been fully briefed (Docs. 12, 14 & 15) and is ready for decision. For the reasons set forth below, the motion to dismiss will be granted and the motion to transfer will be denied as moot.

I.  BACKGROUND

The allegations of the complaint (Doc. 1), as well as the

parties' affidavits, viewed in the light most favorable to Plaintiff Auto-Owners Insurance Company ("Auto-Owners"), show the following:

Auto-Owners is a corporation authorized to conduct business in the State of North Carolina, with its principal place of business in Lansing, Michigan. (Doc. 1 ¶ 2 (though its state of incorporation is not alleged).) Defendant Keith White is a resident of Georgia. (Id. ¶ 7.) On June 21, 2019, White was a passenger in a vehicle owned by Defendant LBC Landscaping Services, Inc., and operated by Quadre Williams. (Id. ¶¶ 21-22.) Anthony Shackleford and Henry Wade were also passengers. (Id. ¶ 22.) The vehicle, a 2011 Ford F-350 Super Duty pickup truck, and its attached trailer were titled, registered, and tagged in North Carolina. (Id. at 21.) Not present in the vehicle was Defendant Linwood B. Cameron, Sr. (id. at 4.), a North Carolina resident who is the holder of the two Auto-Owners insurance policies at issue covering the vehicle and trailer. (Docs. 1-3, 1-4.) On June 21, while in Conyers, Georgia, Williams allegedly lost control of the vehicle and ran off the road, hitting a tree and causing serious injury to White. (Doc. 1 ¶ 23.)

Auto-Owners alleges that White "claims personal injuries and seeks coverage and payment of all liability limits under the Auto-Owners' policies in connection with [the accident]." (Id. ¶ 13.) It further alleges that White's attorney "made a time demand under

2

Georgia statute O.C.G.A. § 9-11-67.1 for payment of all available liability limits under [Auto-Owners'] [Business Auto Policy] and the Umbrella policy." (Id. ¶ 14.) These demands were made by letters on August 6, 2019, August 15, 2019, and September 11, 2019 (id. ¶ 24) that were addressed to an Auto-Owners claim representative at a P.O. Box located in Lithonia, Georgia. (Doc. 1-1 at 1, 4, 7.)

On September 30, 2019, Auto-Owners filed the present complaint seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 that White is not entitled to liability coverage under the Auto-Owners policies held by Cameron and a declaration as to the employment status of White, Williams, Shackleford, and Wade under the terms, definitions, and exclusions of the Auto-Owners policies. (Doc. 1 ¶¶ 15, 32-33.) White filed the present motion to dismiss the complaint for lack of personal jurisdiction or, in the alternative, to transfer venue (Doc. 11), which Auto-Owners opposes (Doc. 14). The motion is ready for decision.

**II. ANALYSIS**

Auto-Owners alleges that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, and personal jurisdiction over White, citing N.C. Farm Bureau Mut. Ins. Co. v. Holt, 574 S.E.2d 6 (N.C. Ct. App. 2002). (Doc. 1 ¶¶ 9, 11.) When properly raised, personal jurisdiction is a threshold question

3

that precedes consideration of the merits of a claim. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (citation and internal quotation marks omitted) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication."); accord Sucampo Pharm., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 548 (4th Cir. 2006) ("[T]he dismissal of a case on an issue relating to the merits of the dispute, such as failure to state a claim, is improper without resolving threshold issues of jurisdiction, including personal jurisdiction."). And prior to exercising jurisdiction under the Declaratory Judgment Act, the court must satisfy itself that Article III jurisdiction exists. Trustgard Ins. Co. v. Collins, 942 F.3d 195, 199 (4th Cir. 2019) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-40 (1937)) ("The Declaratory Judgment Act of 1934, in its limitation to 'cases of actual controversy' . . . is operative only in respect to controversies which are such in the constitutional sense."). District courts therefore must have both personal and subject matter jurisdiction before proceeding to the merits. But a court can turn to either jurisdictional question first, and either alone can resolve a case. City of New York v. U.S. Dep't of Def., 913 F.3d 423, 430 (4th Cir. 2019). "[T]here is no unyielding jurisdictional hierarchy." Id. (citation and internal quotation marks omitted). Because the court finds in the

4

present case that it lacks personal jurisdiction over Defendant White, it need not consider whether Article III subject matter jurisdiction exists.  See, e.g., Trustgard, 942 F.3d at 201.

### A. Standard of Review

When faced with a motion to dismiss for lack of personal jurisdiction based on the complaint and supporting affidavits, "the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014).  The court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

### B. Personal Jurisdiction

Auto-Owners' complaint is replete with legal citations and alleges that the court has personal jurisdiction over White, citing N.C. Farm Bureau.  (Doc. 1 ¶ 11.)  White contends that Auto-Owners lacks both general and specific personal jurisdiction over him.  (Doc. 13 at 3-4.)  He argues that N.C. Farm Bureau is distinguishable because that court found that the defendant availed herself of North Carolina liability insurance coverage when she borrowed and drove a vehicle licensed and registered in North Carolina.  (Id. at 4.)  Moreover, he argues, she mailed a written claim for benefits to the plaintiff in North Carolina.

5

(Id.)  None of these facts exists in the present case, he contends. (Id.)

Auto-Owners responds that this court can exercise personal jurisdiction over White because "the doctrine of lex loci contractus controls the substantive law of [the] Declaratory Judgment action concerning the policy issued in North Carolina." (Doc. 14 at 3.)  Further, it argues, by filing a claim for coverage under the Auto-Owners policies, White "is seeking to afford himself of the protection of North Carolina laws." (Id.) Citing N.C. Farm Bureau, it concludes that exercising jurisdiction over him in North Carolina comports with the due process requirements of the Fourteenth Amendment. (Id. at 4-6.)

Analysis of personal jurisdiction consists of a two-part inquiry:  first, "whether the North Carolina long-arm statute allows jurisdiction over the defendant;" and second, "whether the exercise of jurisdiction comports with due process requirements of the Fourteenth Amendment."  N.C. Farm Bureau, 574 S.E.2d at 9. See also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003); Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp., 825 F. Supp. 2d 664, 677 (M.D.N.C. 2011).  Under North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, North Carolina courts are permitted to exercise "personal jurisdiction over a defendant to the outer limits allowable under federal due process." Universal Leather, 773 F.3d

6

at 558–59 & n.3 (4th Cir. 2014); accord Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001) ("Like those of many other states, North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause."); Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630–31 (N.C. 1977) (same). Therefore, the two-part personal jurisdiction inquiry merges into a single question of whether the exercise of jurisdiction comports with due process. Universal Leather, 773 F.3d at 559.

Under the due process clause, a court can exercise personal jurisdiction over a defendant in either of two ways:

> First, a court may find specific jurisdiction based on conduct connected to the suit. If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. Second, a court may exercise personal jurisdiction under the theory of general jurisdiction, which requires a more demanding showing of continuous and systematic activities in the forum state.

Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012) (internal quotation marks and citations omitted). Construing the complaint and affidavits in the light most favorable to Auto-Owners, the court finds no contention or evidence that general jurisdiction exists. The inquiry will therefore proceed solely as to the question of specific jurisdiction.

7

To resolve an objection to specific personal jurisdiction, the court must determine "(1) the extent to which the defendant purposefully availed [himself] of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arise out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." Tire Eng'g & Distribution, 682 F.3d at 301-02. Each prong must be satisfied for the exercise of specific personal jurisdiction, but the court need not consider prongs two and three if it finds that the plaintiff has not satisfied the first prong of the test. See Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278-79 (4th Cir. 2009). The court should focus on the "quality and nature" of the defendant's contacts, rather than "merely . . . count the contacts and quantitatively compare this case to other preceding cases." Carefirst, 334 F.3d at 397 (citation and internal quotation marks omitted). Further, "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." Walden v. Fiore, 571 U.S. 277, 286 (2014). "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him," and the court therefore should focus on "the relationship among the defendant, the forum, and the litigation." Id. at 284, 285.

Auto-Owners has failed to identify any instance where White

purposefully availed himself of the privilege of conducting any activity in North Carolina. White is not a party to the Auto-Owners insurance policies, and he did not contract with Auto-Owners for coverage. Moreover, not only was White merely a passenger in the vehicle at the time of the accident, his subsequent communications with Auto-Owners were directed to an Auto-Owners claim agent with an address in Georgia. White is a Georgia resident, was injured in an accident in Georgia, and sought liability coverage from Auto-Owners by mailing correspondence to its claim representative in Georgia. Further, White's demand letter seeking payment was issued pursuant to O.C.G.A § 9-11-67.1, demonstrating his intent to avail himself of Georgia law. Auto-Owners' argument that the insurance contracts were entered into in North Carolina, while relevant to jurisdiction over the policy holder, has no bearing on White, who did not participate in their negotiation or execution. See Transcon. Ins. Co. v. E. Steel Constructors Inc., No. CCB 07-2243, 2008 WL 2466558, at *5 (D. Md. June 10, 2008) (refusing to exercise jurisdiction over a foreign party when they had no role in the "initiation, negotiation, [or] execution" of the insurance contract at issue in the forum state). Nor does it follow that by seeking payment from Auto-Owners White is seeking the protection of North Carolina law in North Carolina. "A defendant should be able to anticipate being sued in a court that can exercise personal jurisdiction over him; thus, to justify

9

such an exercise of jurisdiction, a defendant's actions must have been 'directed at the forum state in more than a random, fortuitous, or attenuated way.'" Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004) (quoting ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 625 (4th Cir. 1997)). A review of the complaint and the supporting exhibits show no evidence that White knew the Auto-Owners policy was executed in North Carolina, and Auto-Owners has not shown that White should have expected to be haled into North Carolina. Given the absence of any contact by White with North Carolina, Auto-Owners has not demonstrated that he availed himself of the privilege of conducting activities in this state. Any connection to North Carolina is too attenuated.

Turning to the second prong, Auto-Owners has not even attempted to show that its claims arise out of White's activities in North Carolina, because there are none. In light of the absence of any demonstration of meeting the first two prongs, the failure of the third prong is evident.

In urging that this court exercise personal jurisdiction over White, Auto-Owners relies principally on two cases: N.C. Farm Bureau, 574 S.E.2d 6; and National Quarry Services, Incorporated v. First Mercury Insurance, Incorporated, 372 F. Supp. 3d 296 (M.D.N.C. 2019). Neither is helpful.

In N.C. Farm Bureau, the defendant, a South Carolina resident, was driving a truck in South Carolina when she was involved in an

10

automobile accident. 574 S.E.2d at 8. The truck, which was borrowed from a North Carolina resident, was registered in North Carolina and had a North Carolina license plate. Id. The defendant sought underinsured motorist coverage under the truck owner's insurance policy, and the insurance company sought a declaratory judgment in North Carolina that the defendant was not eligible for coverage. Id. The defendant challenged the North Carolina court's jurisdiction over her. In exercising personal jurisdiction, the court found that although the defendant never set foot in North Carolina and was not a party to the automobile liability insurance coverage, she was still subject to the court's jurisdiction because she had sufficient contacts with the state. Id. at 10. Those contacts included "driving a truck that was licensed and registered in North Carolina" and "mail[ing] a written claim to plaintiff in North Carolina for . . . benefits under the North Carolina insurance policy." Id. Moreover, the insurance policy was entered into in North Carolina, was issued by a North Carolina insurer, and by borrowing the truck and filing a claim, the defendant "availed herself of the liability coverage provided by the North Carolina insurance policy." Id. The court also considered the principle of lex loci contractus and found that North Carolina law would control the interpretation of the contract.

The facts of the present case are plainly distinguishable.

11

The insurance contracts here were allegedly entered into between Auto Owners and its insureds, LBC Landscaping Services, Inc. and Linwood B. Cameron, Sr., in North Carolina, and they are allegedly subject to North Carolina law. But White was not a party to those contracts. Moreover, he was not the operator of the vehicle at the time of the accident, but was a mere passenger. Thus, he did not purposefully avail himself of liability coverage by borrowing the vehicle. And while White did file a claim under the policy, he never mailed any communication to North Carolina, but rather to the insurer's Georgia address. The contacts between White and North Carolina are fundamentally different, both in quantity and quality, from those in N.C. Farm Bureau.

National Quarry Services is also clearly distinguishable. It did not involve a question of personal jurisdiction. Rather, the court considered cross-motions for judgment on the pleadings in a claim *by the insured*, a North Carolina company, against its insurer seeking a declaratory judgment that the insurer had a duty to defend and to indemnify litigation filed against the insured elsewhere. 372 F. Supp. 3d at 299-301. The court applied the well-settled rule that an insurance contract should be interpreted according to the law of the location where it was executed. Id. at 301-02. While the case is consistent with the exercise of jurisdiction over *the insureds* in the present case, nothing in the opinion suggests that this court should exercise personal

12

jurisdiction over an out-of-state defendant who is not an insured and has no connection to the execution of the insurance policy at issue.

Under the facts of the present case, it would violate due process to require White to come to North Carolina to answer Auto-Owners' preemptive declaratory judgment action.  As such, White's motion to dismiss for lack of personal jurisdiction will be granted, and his motion to transfer, urged in the alternative, will be denied as moot.  WLC, LLC v. Watkins, 454 F. Supp. 2d 426, 440-41 (M.D.N.C. 2006) ("[S]ince the court lacks personal jurisdiction over Defendants, Defendants' alternative motion to transfer venue has been rendered moot."); Uniprop Manufactured Hous. Cmtys. Income Fund II v. Home Owners Funding Corp. of Am., 753 F. Supp. 1315, 1321 (W.D.N.C. 1990) (disposing of motion to transfer arguments where the court granted a motion to dismiss for lack of personal jurisdiction).

### III. CONCLUSION

For the reasons stated,

IT IS ORDERED that Defendant White's motion to dismiss for lack of personal jurisdiction (Doc. 11) is GRANTED and his motion to transfer is DENIED as moot.

                                      /s/   Thomas D. Schroeder
                                      United States District Judge
July 10, 2020